UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DONALD PATE, JR., )<br>)<br>    Plaintiff )<br>)<br>    v. )<br>)<br>CITY OF CLEVELAND )<br>2ND DIST. POLICE DEPT., *et al.*, )<br>)<br>    Defendants ) | Case No.: 1:10 CV 2418<br><br>JUDGE SOLOMON OLIVER, JR.<br><br><u>MEMORANDUM OF OPINION</u><br><u>AND ORDER</u> |

*Pro se* plaintiff Donald Pate, Jr. filed this action under 42 U.S.C. §1983 and 18 U.S.C. §§ 241 and 242, against the City of Cleveland Second District Police Department, Cleveland Police Officer Mark Maguth, Cleveland Police Officer Timothy Maffo-Judd, Cleveland Police Officer Brelo, Cleveland Police Officer Weber, Cleveland Police Officer Galarza, Cleveland Police Officer Davidson, Cleveland Police Officer Konn, and Cleveland Police Officer Hummel. In the Complaint, Mr. Pate asserts the Defendants used excessive force to secure his arrest and were deliberately indifferent to his serious medical needs. He seeks monetary damages.

**Background**

Mr. Pate's Complaint contains very few factual allegations. He alleges that on March 8, 2010, at approximately 1:00 a.m. his constitutional rights were violated by police officers from the City of Cleveland Second District Police Department. There are no other facts in the body of

the Complaint. Mr. Pate filed a Supplement to his Complaint on February 3, 2011, that contained additional factual information. In the Supplement, he alleges he was assaulted by Officers Maguth, Maffo-Judd, Brelo, Weber, Galarza, Davidson, Konn, and Hummel during the course of his arrest on March 8, 2010. (ECF No. 4) He states that he did not resist arrest; however, the officers punched and kicked him after they got him on the ground. One of the officers hit him in the head with a flashlight. He contends some officers observed the incident and did not intervene to help him. Mr. Pate received treatment at the Cleveland City jail for injuries to his head, neck, and wrists. Later, he sought treatment at MetroHealth Medical Center for headaches, dizziness, and nausea.

The Complaint is divided into five claims. In Claim I, Mr. Pate asserts officers from the City of Cleveland Second District Police Department assaulted him in violation of the Eighth Amendment. In Claim II, he asserts the officers were deliberately indifferent to his serious medical needs. Mr. Pate asserts in Claim III that some officers watched the assault. He contends they also violated his Eighth Amendment rights. Claim IV contains a state law claim for battery. Mr. Pate alleges the City of Cleveland is vicariously liable for the actions of its police officers. He states he is asserting claims against the Defendants in their official and individual capacities, and seeks monetary damages in the amount of $ 22,000,000.00.

## Analysis

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim

2

upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, Mr. Pate's claims against the Defendants in their official capacities, his claims against the City of Cleveland, and his claims under 18 U.S.C. §§ 241 and 242 are dismissed pursuant to §1915(e).

As an initial matter, Mr. Pate fails to state a claim for relief against the Defendants in their official capacities. A suit against a public servant in his official capacity imposes liability on the office he represents. *Brandon v. Holt*, 469 U.S. 464, 471 (1985). Consequently, Mr. Pate's official-capacity federal claims against Cleveland Police Officer Mark Maguth, Officer Timothy Maffo-Judd, Officer Brelo, Officer Weber, Officer Galarza, Officer Davidson, Officer Konn, and Officer Hummel are redundant, because they are all construed against the City of Cleveland. *Id.*; *Von Herbert v. City of St. Clair Shores*, No. 02-1063, 2003 WL 1194304, *6 (6th Cir. March 11, 2003).

Similarly, Mr. Pate failed to state a claim for relief against the City of Cleveland Police Department. Police Departments are not *sui juris* and therefore cannot sue or be sued. *See Nieves v. City of Cleveland*, 153 Fed. Appx. 349, 2005 WL 2033328 (6th Cir. Aug. 24, 2005); *Jones v. Ptl. D. Marcum*, No. C-3-00-335, 2002 WL 786572 (S.D. Ohio Mar. 11, 2002); *Williams v. Dayton Police Dept.*, 680 F. Supp. 1075 (S.D. Ohio 1987). *See also Messer v. Rohrer*, No. C-3-95-

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

270, 1997 WL 1764771, n. 9 (S.D. Ohio Mar. 31, 1997). They are merely sub-units of the municipalities they serve. *Id.* This claim is also construed against the City of Cleveland.

There are no facts alleged in the Complaint to reasonably suggest that Mr. Pate has a viable claim against the City of Cleveland. He states that the City is liable for the actions of its officers. As a rule, local governments may not be sued under 42 U.S.C. § 1983 for an injury inflicted solely by employees or agents under a *respondeat superior* theory of liability. *See Monell v. Department of Soc. Servs.*, 436 U.S. 658, 691(1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 694. A municipality can therefore be held liable when it unconstitutionally "implements or executes a policy statement, ordinance, regulation, or decision officially adopted by that body's officers." *Id.* at 690; *DePiero v. City of Macedonia*, 180 F.3d 770, 786 (6th Cir. 1999). The Complaint contains no suggestion of a custom or policy of the City of Cleveland which may have resulted in the deprivation of a federally protected right of Mr. Pate.

Finally, Mr. Pate cannot bring a cause of action against the Defendants under 18 U.S.C. §§ 241 and 242. These are criminal statutes. They provide no private right of action. *U.S. v. Oguaju*, No. 02-2485, 2003 WL 21580657, *2 (6th Cir. July 9, 2003); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir.1994).

## Conclusion

Accordingly, Plaintiff's claims against the Defendants in their official capacities, his claims against the City of Cleveland, and his claims under 18 U.S.C. §§ 241 and 242 are dismissed without prejudice pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C.

4

§1915(a)(3), that an appeal from this decision could not be taken in good faith.[2] This action shall proceed solely on Plaintiff's civil rights claims against the Defendants in their individual capacities, and his state law tort claims. The Clerk's Office is directed to forward the appropriate documents to the U.S. Marshal for service of process and shall include a copy of this Order in the documents to be served upon the Defendants.

        IT IS SO ORDERED.

        /s/ *SOLOMON OLIVER, JR.*
        CHIEF JUDGE
        UNITED STATES DISTRICT COURT

March 9, 2011

---

[2] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.

5